Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 25 2023

KEVIN P WEIMER, Clerk
By Rebecca Bobbitt, Clerk

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia
_____ Division

Eric Moore, Pro Se

Case No. 1:23-cv-4918
*(to be filled in by the Clerk's Office)*

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Jury Trial: *(check one)* ☑ Yes ☐ No

-v-

NAVY FEDERAL CREDIT UNION, Defendant,

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Eric Moore |
| Street Address | 1504 Denver Way |
| City and County | Locust Grove and Henry County |
| State and Zip Code | Georgia 30248 |
| Telephone Number | 915-247-9370 |
| E-mail Address | bills.emoore@gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: NAVY FEDERAL CREDIT UNION
- Job or Title (if known):
- Street Address: 820 Follin Ln SE
- City and County: Vienna and Fairfax
- State and Zip Code: Virginia 22180
- Telephone Number: 1-888-503-7106
- E-mail Address (if known):

Defendant No. 2
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
15 U.S. Code 1635, 12 CFR 1026, UCC 3-301, UCC 3-604, 12 CFR 360.6(2), 17 CFR 260.11b-6 and Universal Declaration of Human Rights

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,
      and has its principal place of business in the State of *(name)*
      _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

  b. If the defendant is a corporation

   The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.
Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

  The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Please see attached COMPLAINT FOR DECLARATORY JUDGMENT

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

A. Enter judgment in favor of the Plaintiff and against the Defendant for all monetary damages, to be determined;
B. Award the Plaintiff his costs and expenses of this action, including reasonable attorneys' fees, under 15 U.S.C. § 1640(a) in the amount of $5000;
C. Order the Defendant to produce the original note and to demonstrate that it was not securitized;
D. Grant any other relief the Court deems necessary, just, and proper

E. Grant any other relief this Court deems just and proper such as enforcing the right to rescind the consumer credit transaction as per 15 U.S. Code 1635 and 12 CFR 1026 which includes the return of all past and prior payments made of the account along with the release of any liens that NAVY FEDERAL CREDIT UNION or its partners have in relation to my property.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/24/2023

Signature of Plaintiff
Printed Name of Plaintiff: Eric Moore

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN GEORGIA DISTRICT**

Eric Moore,
    Pro Se,

v.

NAVY FEDERAL CREDIT UNION
    Defendant,

**Demand for Placement on the Record:**
**Reinforcing Consumer Credit Rights and Safeguards**

I seek to include this reinforcement of consumer rights and safeguards in the demand for judgment in which I am filing against NAVY FEDERAL CREDIT UNION to address the crucial consumer rights and safeguards that are relevant to credit transactions. These are enshrined in Title 15 of the United States Code, the Truth in Lending Act (TILA), the Fair Credit Reporting Act (FCRA), the Fair Debt Collection Practices Act (FDCPA), the Credit CARD Act of 2009, the Servicemembers Civil Relief Act (SCRA), the Privacy Act of 1974, the Uniform Commercial Code (UCC), Law Merchant, Generally Accepted Accounting Principles (GAAP), among other pivotal laws, regulations, and case law.

1. Exemption from Mandatory Down Payment: As outlined in Title 15, Sections 1667-1667e (Consumer Leasing Act), I am not bound to provide a down payment to secure credit. This rule safeguards my economic interests and promotes a smooth flow of commerce, thereby fostering an inclusive and equitable financial system.

2. Non-discrimination in Credit Granting: As per the Equal Credit Opportunity Act, Title 15, Section 1691, your institution is legally bound not to deny credit based on race, color, religion, national origin, sex, marital status, age, or source of income. This Act underscores the principle of equal access to credit for all consumers, thereby cultivating a fair and non-discriminatory financial marketplace.

3. Transparency in Finance Charges and Fees: Under the provisions of TILA (Title 15, Sections 1601-1667f), all charges must be fully disclosed within the finance charge. This ensures that as a consumer, I receive comprehensive and precise information about the cost of credit, empowering me to make informed financial decisions.

4. Limitations on the Use of Credit Reports: As stipulated by the FCRA, Title 15, Sections 1681-1681x, only information from my credit application can be used to evaluate my creditworthiness. A violation occurs if my credit reports are used unjustly to deny credit, thereby ensuring a fair assessment of my ability to repay any credit extended.

5. Use and Protection of Social Security Numbers: The Privacy Act of 1974, specifically Section 7(a)(1), distinctly prohibits any federal, state, or local government agency from denying any right, benefit, or privilege provided by law because of an individual's refusal to disclose their Social Security Number. In conjunction with the Social Security Act, Section 208 (42 U.S.C. §408), these provisions safeguard my Social Security Number (SSN) from misuse. Misuse of my SSN or refusal to extend credit due to my unwillingness to provide my SSN infringes upon these Acts, carrying grave repercussions, including criminal charges, fines, and imprisonment.

6. Consumer Protection Under FDCPA: The FDCPA prevents debt collectors from employing abusive, unfair, or deceptive practices when collecting debts, thereby ensuring that I am treated with dignity and respect throughout the debt collection process.

7. Safeguards Under the Credit CARD Act of 2009: This Act offers protection against arbitrary interest rate increases, bans exorbitant fees, and enforces clear due dates and times, thereby ensuring that I am fully informed about the terms and conditions of my credit card, facilitating effective financial management.

8. SCRA Protections: The SCRA restricts interest rates for active-duty military members, prevents eviction and foreclosure, and offers other financial safeguards for service members. These measures ensure that my commitment to national service does not undermine my financial stability.

9. Penalties for Non-compliance with TILA and Title 15: Non-adherence to TILA or Title 15 provisions can result in substantial penalties as defined in Title 15, Section 1640 - Civil liability. These penalties may include compensation for actual damages suffered by the consumer due to the violation, statutory damages of up to $4,000 in individual actions or a sum equal to the lesser of $1,000,000 or 1% of the creditor's net worth in class actions, and the recovery of the action's costs and attorney's fees.

10. Relevant Case Laws:

Rodriguez v. United States (1980): This case cemented the need for creditors to comprehensively disclose all charges related to a credit transaction, advocating for transparency and discouraging deceptive practices. Non-compliance can trigger legal action and penalties.

Exhibit A-2

Henson et al. v. Santander Consumer USA Inc. (2017): The Supreme Court determined that not all debt buyers are classified as debt collectors under the FDCPA. This classification influences how these entities can recover debts. The FDCPA protects consumers from abusive or deceptive collection practices, and violations can result in legal action and penalties.

11. In light of these protections, I respectfully request your institution to strictly adhere to these regulatory provisions, statutory requirements, and established case law precedents during our financial engagements. These legal guidelines are designed to uphold the integrity of the consumer credit market and shield consumers like me from potentially harmful financial practices.

12. In particular, the unjustifiable denial of credit infringes upon the Equal Credit Opportunity Act (ECOA), which outlaws credit discrimination. Furthermore, inappropriate use of personal information, such as Social Security Numbers, in credit decisions contravenes the Privacy Act of 1974 and the Fair Credit Reporting Act (FCRA). Under the principles of Generally Accepted Accounting Principles (GAAP), the Law Merchant, and the Uniform Commercial Code (UCC), transparency and fairness are fundamental to all credit transactions. Thank you for your attention to this significant matter.

I anticipate engaging in fair, transparent, and lawful credit transactions,

*/s/Eric Moore*
Date: 10/23/2023


GEORGIA UCC INDEXING SYSTEM
CERTIFIED SEARCH REPORT
REPORT NUMBER: 23894581
SEARCH FROM: 1/1/1995 THROUGH: 09/28/2023

PAGE: 1
DATE: 10/3/2023
TIME: 11:22

CERTIFIED SEARCH REPORT REQUESTED FOR NAME:
**MOORE, ERIC**

The search information under the above name also revealed the following filings for debtors with the same or similar names. This additional information is not part of the attached certified search report, and therefore is not certified by the Georgia Superior Court Clerks' Cooperative Authority ("the authority"). This additional information may not represent a complete listing of debtor names that may be considered similar to the name under which the search was made. This listing covers UCC statements filed on or after 01/01/1995.

| NAME | FILE NUMBER |
|---|---|
| **MOORE, JUSTIN ERIC** | 007-2017-034544 |
| **MCMILLAN, GARY MELTON** | 007-2017-034544 |
| **MOORE, JUSTIN ERIC** | 007-2020-003356 |
| **MOORE, JUSTIN ERIC** | 007-2020-003356 |
| **MOORE, JUSTIN ERIC** | 007-2020-053774 |
| **MOORE, JUSTIN ERIC** | 007-2023-034635 |
| **MOORE, JUSTIN ERIC** | 007-2023-034635 |
| **MOORE, JUSTIN ERIC** | 159-1998-000259 |
| **MOORE, RICKEY** | 159-1998-000259 |
| **MOORE, JUSTIN ERIC** | 159-1999-001008 |
| **MOORE, RICKY** | 159-1999-001008 |
| **STRIPLING, MARVIN B.** | 159-1998-000260 |
| **MOORE, JUSTIN ERIC** | 159-1999-001008 |
| **MOORE, RICKY** | 159-1999-001008 |
| **STRIPLING, MARVIN B.** | 159-2000-000287 |
| **MOORE, KENNETH ERIC** | 126-2020-000178 |

Exhibit C

Uniform Commercial Code
P.O. Box 13193
Austin, Texas 78711-3193



Jane Nelson
Secretary of State

## Office of the Secretary of State

**Texas UNIFORM COMMERCIAL CODE Debtor Search Certificate With Copy**

October 3, 2023

Document Number: 1291064520003

Requested Individual Debtor: ERIC V MOORE

Requested City: EL PASO, TX, USA

Page 1 of 1

The undersigned, as Secretary of State of Texas, hereby Certifies that there are NO DOCUMENTS FILED in the Uniform Commercial Code Section of my office as of September 21, 2023 at 05:00 PM which name the above debtor.



Jane Nelson
Secretary of State

Phone: 512-475-2703

Come visit us on the Internet @ https://www.sos.texas.gov/
FAX: 512-475-2812     Dial: 7-1-1 for Relay Services

Exhibit D

**FILED & RECORDED**
Friday, October 13, 2023 8:42:39 AM
File Number: 075-2023-001967
Sabriya Hill
Henry County Clerk of Superior Court

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)**
Eric Vantonia Emmanuel Moore 915-247-9370

**B. E-MAIL CONTACT AT SUBMITTER (optional)**
bills.emoore@gmail.com

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Eric Moore
1504 Denver Way
Locust Grove, GA 30248

SEE BELOW FOR SECURED PARTY CONTACT INFORMATION

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:**

1a. ORGANIZATION'S NAME: Navy Federal Credit Union

1c. MAILING ADDRESS: 355 George Dieter Dr Building C, Suite 111 | CITY: El Paso | STATE: TX | POSTAL CODE: 79936 | COUNTRY: USA

**2. DEBTOR'S NAME:** (blank)

**3. SECURED PARTY'S NAME:**

3b. INDIVIDUAL'S SURNAME: Moore | FIRST PERSONAL NAME: Eric | ADDITIONAL NAME(S)/INITIAL(S): Vantonia Emmanuel

3c. MAILING ADDRESS: 1504 Denver Way | CITY: Locust Grove | STATE: GA | POSTAL CODE: 30248 | COUNTRY: USA

**4. COLLATERAL:** This financing statement covers the following collateral:

Navy Federal Credit Union, 43001555168705
"All enjoyments, proceeds, coupons, chattel, papers, securities, bonds, stocks, accounts payable, accounts receivables, security accounts, all signatures of ERIC VANTONIA EMMANUEL MOORE and Eric Vantonia Emmanuel Moore all being held for the beneficiary Eric-Vantonia Emmanuel: Moore, Executor of the Preceded Land Estate ERIC VANTONIA EMMANUEL MOORE" 43001555168705, 01/11/2021, VIN: 1G1ZE5ST8GF242113, Year: 2016, Make: Chevrolet Model: Malibu, Amount Financed: 13,862.21

5. Check only if applicable and check only one box: Collateral is [ ] held in a Trust [ ] being administered by a Decedent's Personal Representative

6a. [ ] Public-Finance Transaction [ ] Manufactured-Home Transaction [✓] A Debtor is a Transmitting Utility
6b. [ ] Agricultural Lien [✓] Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): [ ] Lessee/Lessor [ ] Consignee/Consignor [ ] Seller/Buyer [ ] Bailee/Bailor [ ] Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**
SPECIAL DEPOSIT FOR CREDITS ON ACCOUNT # 43001555168705 ONLY; ALL COUPONS PAYABLE TO BEARER

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 07/01/23)

Exhibit E

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Navy Federal Credit Union
P.O. box 25109
Lehigh Valley, PA
18002-5109

9590 9402 8248 3094 3316 25

2. Article Number (Transfer from service label)

⸺ 0001 1067 2348

A. Signature
X  Earl Lange
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
OCT - 2 2023

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
  Mail
  Mail Restricted Delivery
  00)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053         Domestic Return Receipt

Exhibit F

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Navy Federal Credit Union
P.O. Box 3100
Merrifield, VA 22119-3100

A. Signature
X _[signature] Smith_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

9590 9402 8248 3094 3316 32

2. Article Number (Transfer from service label)

7022 2410 0001 1067 2324

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

Exhibit G

September 26, 2023

Eric Moore
1504 Denver Way
Locust Grove, GA 30248

NAVY FEDERAL CREDIT UNION
PO Box 3100 Merrifield, VA 22119-3100
AND
PO Box 25109 Lehigh Valley, PA 18002-5109

Jack Maxton Chevrolet, Inc
5085 Sinclair Rd
Columbus, OH 43229

**Exercise of Right to Rescind Transaction - Application of Equitable Estoppel and 15 U.S. Code § 1117**

Dear NAVY FEDERAL CREDIT UNION and Dealership,

I am writing to formally exercise my right to rescind the transaction dated **[01/11/2021]** regarding the purchase of **[2016 Chevrolet Malibu VIN: 1G1ZE5ST8GF242113]**. This decision is based on a lack of full material disclosure, as outlined in 12 CFR 1026, governing installment loans, and supported by 15 USC 1635.

I am demanding that the dealership and financing company provide proof of possession of the original note to enforce the negotiable instrument; show proof the original note was not destroyed and discharging all debts by way of securitization.

I entered into this contract agreement with DEALERSHIP without 1). Full disclosure of my right to rescind 2). Transparency regarding the process of the consumer credit application being the financial asset (12 CFR 360.6(2)) as well as self-liquidating paper (17 CFR 260.11b-6)). I believe that the dealership and financing company willingly and knowingly took advantage of me and my consumer credit.

***I am not terminating or canceling this contract, I am deducting my liability to "pay" on behalf of the obligor as I have found several violations and fraud. Notice that Pursuant to 15 U.S. Code § 1635(b) upon receipt of this rescission I am not liable for any finance charge, security***

*interest, etc. becomes void effective immediately as a result, to which if the rescission is not enforced, I will move to seek a declaratory judgment in District Court.*

Moreover, I assert the application of equitable estoppel in this matter, a legal doctrine preventing a party from denying or contradicting a statement or act that it has made or done, if the other party has relied on that statement or act to its detriment. In this context, it is used to bind the financing company to the contract, even though they are not a signatory.

The specific elements of equitable estoppel relevant to this situation are as follows:

**Promise or Representation:**

> The dealership and financing company, collectively referred to as the "parties," made implicit promises and representations regarding the transaction's legality and compliance with TILA.

**Detrimental Reliance:**

> I relied on these assurances when entering into the contract, thereby incurring obligations under it.

**Detriment Suffered:**

> The failure to provide full material disclosure has led to financial repercussions, affecting my creditworthiness and overall financial position.

Given these circumstances, I posit that the financing company, although not a signatory to the contract, induced me to enter into the contract by making promises or representations. Consequently, they are estopped from denying their binding obligation under the contract.

Furthermore, in reference to 15 U.S. Code § 1117, which pertains to trademark rights remedies, provides a relevant legal basis for rescinding the transaction due to the dealership's violation of TILA by failing to provide complete disclosure.

Once I rightfully rescind the consumer credit transaction, it follows that the financing company is obligated to refund any payments made, as allowing them to retain such funds would result in unjust enrichment.

To this end, I request the following actions be taken:

**Return of Funds:**

Kindly arrange for the prompt return of any funds associated with this transaction.

**Release of Lien and Interest:**

Please effect the release of any lien and interest held on the property as a promissory note is considered intangible property as there is no claim of ownership on the note. It is abandoned and no one has interest over the property until I have filed a UCC-1, perfecting my interest in the property. I have conducted a UCC-11 search and have confirmed that there are no lines on the vehicle.

**Public Record Update:**

Ensure that this rescission is accurately reflected in public records.

I am providing this notice in adherence to my legal rights and to seek a fair resolution in this matter. I anticipate your prompt attention to this request. Should my right to rescind be deprived and I am forced to seek judgment in district court, I will seek, as part of my claim for relief, for the judge to order you, the eventual and possible Defendant, to produce the original note and to demonstrate and prove that it was not securitized.

Sincerely,

/s/Eric Moore



RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 25 2023


KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN GEORGIA DISTRICT

Eric Moore,
    Pro Se,

v.

NAVY FEDERAL CREDIT UNION
    Defendant,

Case No: _____

## COMPLAINT FOR DECLARATORY JUDGMENT

### I. INTRODUCTION

1. This action seeks declaratory judgment and damages as the Defendant, NAVY FEDERAL CREDIT UNION, violated the Truth in Lending Act (TILA) and the Uniform Commercial Code (UCC), resulting in harm to the Pro Se, Plaintiff, Eric Moore.

### II. PARTIES

2. The Plaintiff, Eric Moore, is a National of the United States of America, residing at 1504 Denver Way Locust Grove, GA 30248

3. The Defendant, NAVY FEDERAL CREDIT UNION, is a corporation organized under the laws of the State of Virginia, with its principal place (headquarters) of business at 820 Follin Ln SE, Vienna, VA..

### III. FACTUAL ALLEGATIONS

4. On 1/11/2021, the Plaintiff and the Defendant entered into a retail installment contract, which constituted an auto loan for the Plaintiff to purchase a vehicle.

5. Despite UCC 9-203 outlining the requirements for the attachment of a security interest and UCC 9-310 mandating the filing of a financing statement for the perfection of the security interest, the Defendant failed to satisfy these requirements. Specifically, the Defendant neglected to include the note, the evidence of debt, in the security agreement and did not file a financing statement, thus failing to perfect the security interest correctly.

6. Without informing or gaining the consent of the Plaintiff, the Defendant initiated a securitization process, which involved the sale of the loan note. This process effectively converted the Plaintiff's loan into an asset-backed security.

7. The Plaintiff demands that the Defendant produce the original note, demonstrating that it has not been securitized.

## IV. COUNT I: VIOLATION OF THE TRUTH IN LENDING ACT (TILA)

8. TILA, in conjunction with Regulation Z, imposes an obligation on creditors to disclose material terms and conditions of loans to consumers. The Defendant's non-disclosure of the securitization process is a violation of TILA, as established in Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259, 2015.

## V. COUNT II: VIOLATION OF UNIFORM COMMERCIAL CODE (UCC) 3-301

9. UCC 3-301 stipulates that a person entitled to enforce an instrument is either the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession of the instrument who is entitled to enforce the instrument. In this case, the Defendant, by not including the note in the security interest and subsequently selling the note, is not the holder of the note. Therefore, the Defendant has forfeited its right to enforce the note under UCC 3-301, which results in nullifying the Plaintiff's obligation to pay the debt.

## VI. COUNT III: VIOLATION OF UNIFORM COMMERCIAL CODE (UCC) 3-604

10. As per UCC 3-604, if an instrument is paid by a party obliged to pay the instrument and the party paying the instrument receives a conspicuous statement to the effect that the payment is in full satisfaction of the obligation, the effect of payment is discharge to the extent of payment. In this case, by selling the note, the Defendant voluntarily discharged the Plaintiff's debt under UCC 3-604, absolving the Plaintiff of any liability under the note.

**\*\*Show Proof of Possession of the Original Note to Enforce Negotiable Instrument: Show proof Original Note was not Destroyed and discharging all debt by way of securitization?**

On 1/11/2021, I signed a promissory note along with a security agreement creating a negotiable instrument to extend credit to you as the borrower. As I am fully aware you did not have pre-existing credit, money, or assets as consideration to purchase the note or credit agreement from me.

When I deposited the Promissory note with you the original bookkeeping entry should show an increase in the amount of the asset credited on the asset side of its books and a corresponding increase equal to the value of the asset on the liability side of its books. This would show that you received my signed promise to repay as an asset, thus monetizing (securitizing the note) my signature and creating on its books a liability in the form of a demand deposit or other demand liability of the bank

Securitization is the process where promissory notes are turned into securities or bonds then sold to investors. The purpose is to provide a large supply of money to lenders for originating loans and to provide investments for bond holders. The procedure for selling of the notes is to create a situation whereby tax laws are observed, and whereby the issuing entities and the lender are

protected from either entity going into bankruptcy. In order to achieve this "bankruptcy remoteness" numerous "True Sales" of the loans occur in which the loans were sold and transferred to different parties during securitization.

A "True Sale" of the loan would be a circumstance whereby one party owe the note and then sold it to another party. An offer would be made, accepted and compensation given to the "seller" in return for the note. The note would be transferred and the security agreement assigned to the buyers of the Note, with an assignment or transfer made every step of the way, and furthermore,

Auto loans have been and are being bundled into auto loan asset backed securities and sold to the public as solid, income-producing debt investments similar to corporate bonds. They're marketed as secure products offering above-average interest. But while a bond may be backed by an issuing company's income and assets, these auto loan asset backed securities products are backed solely by a pool of auto loans. The loans are bundled and the rights to receive the payments generated by the loans are sold to investors. The investors receive a monthly payment principal (to repay the borrowed money) and interest, or coupon, which is the interest rate paid on the bonds. Since the note has been securitized and given to a trust to provide a stream of income for investors, it follows the Note was voluntarily destroyed by bifurcation and any depositors were paid. As a matter of law where the payee and the owner of the promissory note has voluntarily destroyed the same, he cannot recover judgment against the maker either upon note itself, or upon the debt which was the consideration for which the note was given. See e.g. Booth v Smith, 3 Woods, 19 Circuit Court D. Louisiana (Nov. Term 1876).

Once converted and sold it is impossible for a promissory note and Security Agreement to ever be whole again existing as a negotiable instrument. That is to say once converted into a stock/security (or securitized), that act of conversion, impairs the validity and enforceability of a promissory note. It is destroyed and ceases to be a secure asset or negotiable instrument tied to any collateral or debt obligation. In the essence, the note is destroyed and thereby, under multiple rulings, is nullified and the underlying evidence and legality of the debt obligation secured by the note is voided whether or not the obligation has been paid. See e.g. District of Columbia v. Cornell, 130 U.S. 655(1889), State Street Trust Co. V. Muskogee Electric Traction Co. 204 (1953)

**VII. PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Eric Moore, respectfully requests that this Court:

A. Enter judgment in favor of the Plaintiff and against the Defendant for all monetary damages, to be determined;

B. Award the Plaintiff his costs and expenses of this action, including reasonable attorneys' fees, under 15 U.S.C. § 1640(a) in the amount of $5000;

C. Order the Defendant to produce the original note and to demonstrate that it was not securitized;

D. Grant any other relief the Court deems necessary, just, and proper

E. Grant any other relief this Court deems just and proper such as enforcing the right to rescind the consumer credit transaction as per 15 U.S. Code 1635 and 12 CFR 1026 which includes the return of all past and prior payments made of the account along with the release of any liens that NAVY FEDERAL CREDIT UNION or its partners have in relation to my property.

## VIII. JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable. I declare under penalty of perjury under the laws of the United States of America, as per 28 USC § 1746(1), that the foregoing is true and correct.

Dated: 10/23/2023

Eric Moore, Non-Citizen National of the United States, Executor of Precedent Landed Estate

ERIC MOORE